## IN THE MATTER OF H. R. HITCHCOCK, A BANKRUPT.

### November 8, 1906.

*Attorneys' fees for services to voluntary bankrupt:* Attorneys' fees for services to voluntary bankrupt, consisting of assistance to the bankrupt in the preparation of petition for adjudication and schedules and attendance at hearing, also preparation of petition for discharge and attendance at hearing, allowed as entitled to priority.

*Attorneys' fees for services to trustee:* Attorneys' fees for services rendered to trustee allowed as reasonable expenses necessarily incurred in the performance of his duties and as entitled to priority.

*In Bankruptcy*: Attorneys' petition for fees for services to bankrupt and trustee's petition for allowance of attorneys' fees for services in administration.

*Castle & Withington* and *T. M. Harrison*, Attorneys for Bankrupt.

*Wm. L. Castle*, Trustee.

DOLE, J.  The attorneys' petition for allowance of fees for services to the bankrupt itemizes their services as follows:

Preparing petition of bankrupt to be adjudged such, with six schedules and affidavits, and advising re the same.

Attendance in court when such petition was granted, and order granting same.

Preparing bankrupt's petition for discharge and affidavit and attendance in court when same was granted.

The petition alleges that no fees for such services have been paid.

There is a conflict of authority in the federal cases on this subject. The cases of *In re Beck,* 92 Fed. Rep. 889 (February, 1899) and *In re Stolls,* 93 Id. 438 (April, 1900) hold that attorneys' fees for services to a voluntary bankrupt in instituting and during proceedings will not be allowed as a debt entitled to priority but must be presented as a claim against the estate for a *pro rata* share therein; while in *Re Kross,* 96 Fed. Rep. 816 (October, 1899), supported by *In re Terrill,* 103 Id. 781 (October, 1900) holds to the view that attorneys in such proceedings are entitled to fees for preparing petitions and schedules for adjudication, attendance in court on hearing thereof, and preparing petition for discharge and attendance on hearing of the same. In the *Kross* case the decision refers to section 60d of the Bankrupt Act in support of its conclusion. I am inclined to adopt the reasoning in this case. The law on this question is in section 64b, div. 3, of the bankrupt act, which provides as follows in regard to debts entitled to priority: " The cost of administration, including the fees and mileage payable to witnesses as now or hereafter provided by the laws of the United States, and one reasonable attorney's fee for the professional services actually rendered, irrespective of the number of attorneys employed, to the petitioning creditors in involuntary cases, to the bankrupt in involuntary cases while performing the duties herein prescribed, and to the bankrupt in voluntary cases, as the court may allow." The words "cost of administration" refer undoubtedly to the work of the trustee in administering the estate and do not necessarily include the latter provisions referring to fees for services rendered to petitioning creditors and bankrupts in involuntary cases, and to bankrupts in voluntary cases. The law above quoted should be considered, as suggested in the *Kross* case, in connection with section 60d of the bankrupt act, which provides that " if a debtor shall, directly or indirectly, in contemplation of the filing of a petition by or against him, pay money or transfer property to an attorney or counselor at law   *   *   *   for services to be

rendered, the transaction shall be reexamined by the court on petition of the trustee or any creditor and shall only be held valid to the extent of a reasonable amount to be determined by the court, and the excess may be recovered by the trustee for the benefit of the estate."

As this provision recognizes reasonable fees paid by the expectant voluntary bankrupt to attorneys for services in proceedings for adjudication, the court may certainly recognize such services not previously paid for by allowing reasonable fees therefor.

Under this view the first two items may be regarded as being of assistance to the bankrupt and beneficial to the estate especially as regards the correct preparation of the schedules. The item of services in preparing the order of adjudication is evidently erroneous as such orders are always prepared in the clerk's office. The other items, preparing bankrupt's petition for discharge and affidavit and attendance in court at the hearing thereof, are allowed, such items being recognized by the authorities in involuntary cases. These services may be regarded as routine matters for an attorney, there being no contest. In view of the small amount of assets in this case, I consider a fee of twenty-five ($25.00) dollars is reasonable and sufficient, which is allowed.

Under the trustee's petition for allowance of attorney's fees, the trustee is entitled to reasonable expenses necessarily incurred in the performance of his duties. *General Order No. 35,* div. 3. I consider that these items are in the nature of professional services and that such services were necessary for the best administration of the estate and I allow therefor a fee of thirty-five ($35.00) dollars.